## KEVENEY *et al. v.* MAGONE, Collector.

*(Circuit Court, S. D. New York. April 22, 1890.)*

CUSTOMS DUTIES—CONSTRUCTION OF LAWS—CLASSIFICATION—CORK CARPETING.
Cork carpet or carpeting, used to cover floors, and composed of ground waste cork bark, linseed-oil, gum, and a loosely woven jute fabric as a back, such cork bark, though greater in bulk than the bulk of its other component materials combined, being one-eleventh only of its entire value, is not dutiable as "cork bark, manufactured," under the provision for "corks and cork bark, manufactured," contained in Schedule N of the tariff act of March 3, 1883, (22 U. S. St. 512; Tariff Index, New, par. 422.)

At Law. Action to recover back duties.

During the year 1888 the plaintiffs made nine importations from Kirkcaldy, Scotland, into the port of New York, of so-called "cork carpet or carpeting." This cork carpet or carpeting was classified by the defendant, as collector of customs at that port, as, or as assimilating to, "oil-cloth," under the provision for "all other oil-cloth except silk oil-cloth," contained in Schedule J of the tariff act of March 3, 1883, (22 U. S. St. 507; Tariff Index, New, par. 340,) and pursuant to this provision duty was exacted thereon at the rate of 40 per cent. *ad valorem*. Against this classification and exaction the plaintiffs duly protested, claiming that, by force of treasury decision S, 1,436, made February 28, 1873, and of the provision for "corks and cork bark, manufactured," contained in Schedule N of the same tariff act, (22 U. S. St. 512; Tariff Index, New, par. 422,) this cork carpet or carpeting was dutiable at the rate of 25 per centum *ad valorem*. Thereafter the plaintiffs, having made due appeals, duly brought this suit to recover the difference between the duties at the rate exacted by the defendant as said collector, and duties at the rate claimed by them in their protests. Upon the trial of this suit it appeared that

this cork carpet or carpeting was composed of ground cork, mixed with linseed-oil and gum, and applied by rollers to a loosely woven jute fabric as a back; that this ground cork was waste cork bark produced during the manufacture from cork bark of corks for bottles, floats for seines, and other articles, and ground fine in burr-stone mills; that the bulk of this ground cork was greater than the bulk of the other component materials of the cork carpet or carpeting combined, and that its value was about one-sixth of that of the linseed-oil and gum, and one-fourth of that of the jute fabric, or, in other words, about one-eleventh of that of the entire cork carpet or carpeting; that oil-cloths for floors, stamped, painted, or printed, were composed of jute burlaps, or other like foundations, as backs, ochre mixed with linseed-oil and gum, were generally painted on their backs, and stamped, or painted and stamped, or painted and printed, on their surfaces; that there were other oil-cloths composed of cotton cloths as backs, painted and printed, or printed and stamped on their surfaces, and used for table covers, for stairways, and sometimes for other purposes; that the oil-cloths for floors, above described, and cork carpet or carpeting of the kind of that in suit, were both used for the same purpose, viz., to cover floors.

Both sides having rested, the defendant's counsel moved the court to direct the jury to find a verdict for the defendant, on the grounds: (1) That the cork carpet or carpeting in suit was in fact oil-cloth, and, as such, was dutiable at 40 per centum *ad valorem*, as assessed by the defendant collector, under the provision "for all other oil-cloth, except silk oil-cloth," contained in Schedule J of the tariff act of March 3, 1883, (Tariff Index, New, par. 340.) (2) That, if it was not oil-cloth, it was in fact "a carpet or carpeting" of "other material," and as such was dutiable at the rate of 40 per centum *ad valorem*, under the provision for "carpets and carpetings of wool, flax, or cotton, or parts of either or other material, not otherwise herein specified," contained in Schedule K of the same tariff act, (Tariff Index, New, par. 378.) (3) That, if it was neither such oil-cloth, nor such carpet or carpeting, it assimilated, under section 2499 of the same act, in use, and to a considerable extent in texture and material, to, and was dutiable at the same rate, 40 per centum *ad valorem*, as, some one of the "oil-cloths for floors, stamped, painted, or printed," or "all other oil-cloth, except silk oil-cloth," as provided in said Schedule J. (4) That if it was neither such oil-cloth, nor such carpet or carpeting, nor assimilated to such oil-cloth, it assimilated in use to the carpets and carpetings provided for in said Schedule K. (5) That the plaintiffs had not proven facts sufficient to entitle them to recover.

*Stephen G. Clarke* and *Charles Curie*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (*orally.*) I am unable to concur in the views of the plaintiffs' counsel as to the phraseology "cork bark, manufactured." I think there must be some intention of congress to discriminate and differentiate between the expression "manufactures of cork," and the phrase

"cork bark, manufactured." Therefore, on the testimony of this case as it stands, touching the manufacture of this article, I am unable to accede to the proposition that it is covered by the 422d paragraph of the tariff act, and I shall therefore direct a verdict for the defendant.